IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICKY MCMILLION, #358-937 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-14-2243 |
| WARDEN S. FISHER, et al. | * | |
| Respondents | * | |
| | *** | |

**MEMORANDUM**

    The above-captioned petition for writ of habeas corpus was filed, together with a motion to proceed in forma pauperis, on July 14, 2014.  Because he appears to be indigent, petitioner's motion will be granted.

    Petitioner alleges he has been improperly detained in prison following the June 13, 2014, revocation of his parole by the Maryland Parole Commission.  ECF 1.  He states that in 2009, he was sentenced to serve seven and a half years in prison.   At the time of his release on parole, the maximum expiration date of Petitioner's incarceration term was August 2016.  He pled guilty to the revocation charges and the parole commissioner rescinded all of Petitioner's street time credit, which extended his maximum expiration date to January 18, 2018.  Petitioner concludes this extension violates due process because "the only person who has the authority to change your sentence is a judge." Id. at p. 6.

    It is apparent that Petitioner has not presented this claim to the state courts for consideration.  ECF 1 at pp. 6-7.  Before this court may consider claims raised by state prisoners concerning the legality of their confinement to prison, the claims must be presented to the state courts for review.  See Francis v. Henderson, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly

administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); see also Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment).

Both the operative facts and the controlling legal principles of this claim must be fairly presented to the state courts. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Accordingly, the petition shall be dismissed without prejudice by separate order and a certificate of appealability shall not issue.[1]

July 24, 2014                                    /s/
                                          George Levi Russell, III
                                          United States District Judge

---

[1] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).